**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TERRY GIBBS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-2333 c/w 26-00820** |
| **BYRON ENERGY LLC, ET. AL** | **SECTION: "A" (4)** |

**ORDER AND REASONS**

Before the Court is Defendants' **Motion to Quash Quality's Subpoena (R. Doc. 31)** seeking to quash the subpoena issued to Byron's broker, CAC Group, d/b/a Cobbs, Allen & Hall. The motion is opposed. R. doc. 35,36. The motion was heard by oral argument on September 30, 2026.

## I. Background

The underlying litigation presents a personal injury claim by plaintiff, Terry Gibbs, against Byron Energy, LLC and Byron Energy, Inc. ("Byron"). Pursuant to a Master Service Agreement between Byron and Quality Companies, LLC, Quality Construction & Production, LLC ("Quality"), Quality agreed to protect, defend, indemnify, and provide insurance coverage in favor of Byron for personal injury claims by employees of Quality.

Travelers Syndicate Management Ltd. on behalf of Lloyds Underwriters Syndicate No. 5000 TRV, subscribing to Policy No. UMR: B0180ME2424239 ("Travelers") provided liability insurance to Quality. Pursuant to the Master Service Agreement, R. doc. 6-1, Quality was required to have "Company Group" named as an additional insured under all of its insurance policies, with a waiver of subrogation and such coverage being primary and non-contributory. See *id*., at Sec. 12.2.

Quality and Byron agreed that all deductibles would be for Quality's, not Byron's, account. Sec. 12.1 of the MSA provides:

Contractor [Quality]…shall at its own costs and expense (including deductibles) carry insurance…in the minimum amounts…set forth in Article 12 and Exhibit "C" of the Agreement. Exh. "C" provides:

> All insurance policies of Contractor [Quality] … shall be endorsed in a manner which stipulates that Company [Byron] shall not be liable for any premiums or deductibles. Id. at C(1)(b).

Byron agreed and paid the Marcel premium to obtain coverage under Quality's policies in full. See R. doc. 6-3. Travelers' policy, invoices, and communications did not require or impose any deductible nor any additional payment from Byron. Byron submitted a demand that Travelers provide the insurance coverage as recited in the master service agreement.

Quality contends that any requirement that it satisfy a deductible owned by an additional insured " violates the LOAIA" and does not satisfy the exception of the *Marcel* decision since it requires Quality to pay a substantial cost of insuring Byron Energy and any MSA provision. Rec. doc. 35.

Travelers allegedly refused to protect, defend, indemnify, and insure Byron until and unless Byron paid the $250,000 deductible under the existing coverage despite Quality's contractual obligation to pay all deductibles. *Id.* Byron initiated a claim against Travelers for full and complete protection and coverage paid for by Byron Energy. *Id.* A secondary question is whether Quality was responsible in other respects for the cost of insuring Byron Energy. *Id.*

The issue is whether Byron satisfied the requirements to enforce the indemnity and insurance obligations against Quality and Travelers. *Marcel v. Placid Oil Co.*, 11F.3d 563 (5th Cir. 1994). Specifically, the Louisiana Oilfield Anti-Indemnity Act ("LOAIA"), allows indemnity and insurance protecting the indemnitee, provided it pays for insurance coverage for the indemnitor's employee's claim where the premium is paid by a third-party non-employer. *Willis*

*v. Barry Graham Oil Service*, LLC., 122 F 4th 149, 157 (5th Cir. 2024), citing *Marcel*, 11 F.3d at 569-570. The question is whether Byron paid the full premium quoted by Travelers.

Quality issued a subpoena to Byron's insurance broker, CAC a/k/a Cobbs, Allen & Hall, demanding production of 22 different categories of documents. Byron therefore contends that Quality's subpoena directed to Byron's broker concerning Byron's insurance is misdirected and therefore except for one topic, are irrelevant and therefore not discoverable.

In contrast, the Quality Companies contend that the information sought by the subpoena to CAC Group is relevant to the issue of concerning the parties insurance and indemnity dispute. Rec. doc. 35. According to Quality, the question is whether Byron bore the actual cost of the insurance and also whether it obtained cost savings in its overall insurance program by obtaining additional insured coverage through the payment of the *Marcel* premium ultimately shifting the economic burden of the material costs of the policy onto Quality. Quality contends that the information requested in the subpoena served on CAC Group by Quality is critical to determine Bryon's costs of insurance and therefore relevant.

## II. <u>Standard of Review</u>

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26 sets forth the parameters for reviewing proportionality, namely "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"[P]ermissible discovery under Rule 26 must be relevant "to any party's claim or defense," and that means "proportional to the needs of the case." *United States v. Veeraswamy*, 347 F.R.D.

591, 598 (E.D.N.Y. 2024) (quoting *White v. Cnty. of Suffolk*, 2022 WL 1154839, at *23 (E.D.N.Y. Apr. 19, 2022)). When a party fails to properly respond to a subpoena, "the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

Rule 45 governs the issuance of subpoenas to obtain discovery from non-parties. The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). On timely motion, the court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). The moving party has the burden of demonstrating that compliance with the subpoena would be unduly burdensome. See *Wiwa v. Royal Dutch Petroleum Co*., 392 F.3d 812, 818 (5th Cir.2004).

## III. <u>Analysis</u>

### 1. <u>Standing</u>

Quality contends that Byron Energy lacked standing to file the subject motion. However, given that Byron has an interest in the records of its broker, a nonparty, the Court finds that Byron has standing to file the subject motion. *Weatherly v. State Farm Fire & Cas. Ins. Co.*, 2009 WL 1507353, *2 (E.D.La.2009) (stating that a party has standing to object to a subpoena directed to a nonparty if it has a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it)

### 2. <u>To Quash or Not to Quash</u>

Byron contends that the subject motion should be quashed because the information it seeks is not relevant to an issue in the case. After addressing the topics contained within the subpoena Quality agreed that many of them were duplicative. Quality further agreed that the temporal limitation was overly broad.

While Byron reasserted its continuing objection to the information sought the parties agree that the issue is whether the premium benefit received by Byron was to be born by Quality. Rec. doc. 35. Quality claims that the deductible of $250,000 is void because it would require it to pay a substantial cost to insure Byron Energy. *Id.* The Court determined that Quality should be allowed to conduct discovery of Byron Energy's true cost for a general liability policy as compared to the *Marcel* coverage. However, the subject subpoena is overbroad, various topics are irrelevant, and the temporal scope should also be modified. Therefore, the parties agreed to fashion a modified subpoena in keeping with the Court's guidance made on the record during oral argument.

The Court received the proposed modified subpoena and finds that its appropriate.

## IV. Conclusion

Accordingly,

**IT IS HERBY ORDERED** that **Byron Energy, LLC and Byron Energy Inc's Motion to Quash ( R. Doc. 31) is GRANTED in Part and DENIED in Part.**

**IT IS GRANTED** to the extent the original subpoena contained irrelevant, overbroad topics and not sufficiently narrowed topics.

**IT IS DENIED** to the extent that Quality should be allowed to conduct discovery of Byron Energy's insurance broker and that the proposed modified subpoena of October 12, 2026, is sufficient per the agreement of the parties. Therefore, the subpoena shall be complied with no later than (14) fourteen days from the issuance of this Order.

New Orleans, Louisiana, this 21st day of October 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**